**CITY OF CAPE GIRARDEAU, Mo., Respondent,**

v.

**Lawrence L. GODFREY, Defendant/Appellant.**

**No. 60624.**

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 10, 1992.

---

Lawrence L. Godfrey, Cape Girardeau, pro se.

Jeffrey P. Dix, Jackson, for respondent.

PER CURIAM.

Defendant Lawrence L. Godfrey appeals his conviction of failure to pay sewer service charges in violation of the City of Cape Girardeau's municipal ordinance number 29–51. We affirm.

Defendant was charged with "failure to pay sewer service charges in the amount of $251.34." At trial, defendant asserted in-creases in those sewer service charges violated Article 10, Section 22 of the Missouri Constitution. That section is frequently referred to as the "Hancock Amendment." Defendant also challenged the constitutionality of § 67.042 RSMo (Supp.1991)[1] on which the City relied as authority for increasing the sewer service charges.

The trial court found the challenged ordinance and statute are constitutional. It also found defendant guilty of violating the ordinance, and fined him $25.00 plus court costs.

On appeal, defendant raises three points. First, the trial court erred "in concluding that sewer taxes are not within the meaning of Article X, Section 22...." Second, the trial court erred in finding "solid waste collection fees are not fees within the meaning of the 'Hancock' Amendment...." Third, the trial court erred in "finding that [defendant] was violative of city statutes [sic] when said statutes [sic] are violative of the 'Hancock' Amendment."

The City contends defendant failed to pay any portion of the challenged fees "[f]rom June 21, 1989 through June 22, 1990...." Thus, the City argues, we need not determine whether increases in the challenged fees violated the "Hancock Amendment," because defendant "was still properly convicted for failing to pay the amount not affected by the increase." We agree.

The record demonstrates that as of June 22, 1990, when the complaint and information issued, defendant had not paid any amount due on his account since June 21, 1989. Thus, because defendant's constitutional challenge was limited to increases in the charges and did not extend to the basic sewer service charges, the record supports

1. Section 67.042 RSMo Supp.1991 provides: "The term 'increasing' as used in section 22 of article X of the Constitution of the State of Missouri when referring to any license or fee of any county or other political subdivision does not mean adjustments in the level of any license or fee necessary to maintain funding of a service, program or activity which was in existence on November 4, 1980, or which was approved by a vote of the people subsequent to November 4, 1980. A statement of the costs necessary to maintain the funding of such service, program or activity shall be prepared and shall indicate the service, program or activity supported by the license or fee. The statement and work papers related thereto shall be a public record and subject to examination pursuant to chapter 610, RSMo."

defendant's conviction for failing to pay those basic sewer service charges.

The trial court's judgment is affirmed.